**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**ROGER C. JOHNSON,**

       **Plaintiff,**

   **vs.**                              **Civil Action 2:05-CV-586
                                             Judge Smith
                                             Magistrate Judge King**

**MARK EVERSON,**

       **Defendant.**


## REPORT AND RECOMMENDATION

      This action was originally instituted by plaintiff, who is proceeding without the assistance of counsel, in the Court of Common Pleas for Franklin County, Ohio.  The complaint alleges that the named defendant, Mark Everson, engaged in slander of plaintiff's title to certain real estate "by preparing or causing to be prepared false and fraudulent 'notice of liens,' and causing the illicit lien instrument to be filed into the property records of Franklin County, Ohio. ..." *Complaint,* at p. 1, Exhibit 1, attached to *Notice of Removal.*  The action was removed to this Court by defendant, who identifies himself as the "Commissioner of the Internal Revenue Service." *Notice of Removal,* at p. 1.  Shortly thereafter, the United States Attorney for the Southern District of Ohio certified that the defendant, Mark Everson, "was acting within the scope of his ... employment and office as an employee of the United States at the time of the incident out of which plaintiff's claims arose." *Certification of Scope of Employment,* attached as Exhibit 1 to Doc. No. 3.  This matter is now before the Court on plaintiff's motion to remand the action, Doc. No. 7.

Section 1442(a)(1) of Title 28 of the United States Code authorizes the removal of a civil action commenced in a state court against "any officer ... of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for ... the collection of the revenue."  Although plaintiff challenges the propriety of the actions of the named defendant, plaintiff does not, apparently, dispute that Mark Everson is in fact the Commissioner of Internal Revenue Service or that the liens of which plaintiff complains are federal tax liens.  *See* Exhibit A, attached to the *Complaint.*

Under these circumstances, it is clear that the removal of the action was authorized by 28 U.S.C. §1442(a)(1).

It is therefore **RECOMMENDED** that the motion to remand be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers,*

*Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


<u>October 25, 2005</u>                             <u>*s/Norah McCann King*</u>
                                            Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge